**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY**<br>**ONE STATE FARM PLAZA**<br>**BLOOMINGTON, IL 61710,**<br>**Plaintiff,**<br><br>**v.**<br><br>**CABRY & CO.**<br>**3519 FOULK ROAD**<br>**GARNET VALLEY, PA 19060**<br>**and**<br>**JAMES JOHN HERRON**<br>**264 DEER RUN DRIVE**<br>**HONEYBROOK, PA 19344,**<br>**Defendants.** | **CIVIL CASE NO.:** |

**COMPLAINT**

Plaintiff, State Farm Fire and Casualty Company ("Plaintiff"), by and through undersigned counsel, hereby demands judgment against Defendant Cabry & Co. ("Cabry") and Defendant James John Herron ("Herron") (collectively "Defendants"), complaining against them as follows:

**PARTIES**

1. Plaintiff is an Illinois corporation with its principal place of business at the above-captioned address.

2. At all relevant times, Plaintiff was authorized to provide in Pennsylvania the insurance described herein.

3. At all relevant times, Plaintiff provided – via an in-force policy – homeowner insurance to Beth Majewski ("subrogor") in connection with her residential property at 315 N. Manor Drive in Media, Pennsylvania ("subject property").

4. As a result of claims made on said policy in connection with the incident described below, Plaintiff became subrogated to certain recovery rights and interests of subrogor, i.e. for monies paid per the policy, including the claims asserted in this action.

5. Upon information and belief, Cabry is a Pennsylvania limited-liability company with its primary place of business at the above-captioned address; also upon information and belief, Cabry was at all relevant times regularly engaged in the business of (*inter alia*) carpentry and painting, including such activities as they involve wood staining.

6. Upon information and belief, Herron is an adult Pennsylvania domiciliary with his primary place of residence at the above-captioned address; also upon information and belief, Herron was at all relevant times an independent contractor commonly retained by Cabry to perform (*inter alia*) carpentry and painting, including such activities as they involve wood staining.

7. At all relevant times, Defendants were both engaged in the activities of (*inter alia*) carpentry and painting (including such activities as they involve wood staining) at the subject property.

**JURISDICTION AND VENUE**

8. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between entities and/or citizens of different states/countries; moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

9. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

10. Prior to April 16, 2026, Cabry contracted with subrogor to, *inter alia*, renovate her kitchen, dining room and living room, which included staining the floors at the subject property; to the extent it was reduced to writing, Plaintiff does not possess a copy of that contract; however, Plaintiff believes and therefore avers that Cabry possesses, or can more easily gain access to, a copy of said contract; hence, Cabry is not prejudiced by Plaintiff's failure to append a copy thereof hereto.

11. Upon information and belief, having been so engaged by subrogor, Cabry subcontracted with Herron to actually provide the wood-staining services at the subject property; subrogor was an intended third-party beneficiary of that subcontract.

12. To the extent said subcontract was reduced to writing, Plaintiff does not possess a copy thereof; however, Plaintiff believes and therefore avers that Defendants possess, or can more easily gain access to, a copy of said subcontract; hence, Defendants are not prejudiced by Plaintiff's failure to append a copy thereof hereto.

13. On or about April 16, 2026, a fire occurred at the subject property due to the foreseeable self-ignition of waste and debris associated with the wood-staining project that had been improperly and otherwise negligently discarded/handled by Herron himself and/or Cabry's principal(s), employee(s), subcontractor(s), agent(s), and/or servant(s).

14. Thus, as a direct and proximate result of Defendants' negligent acts and omissions, a fire occurred at the subject property; this caused extensive and severe damages there, as well as the imposition upon subrogor of additional expenses and hardships besides (including loss of use of the property).

15. Such damages were suffered by subrogor; to the extent these damages were paid pursuant to subrogor's aforementioned insurance policy, Plaintiff became subrogated to the recovery claims asserted herein.

**COUNT I – NEGLIGENCE v. CABRY**

16. Plaintiff repeats all of the facts and allegations stated in the foregoing paragraphs as though they were restated here at length.

17. The above-described damages were the direct and proximate result of the negligent and/or other standard-non-compliant acts and/or omissions of Cabry – including negligent acts and/or omissions as performed by and through its agents, servants, workmen, employees and/or chosen subcontractors, acting within the course and scope of their employment, contractual undertakings, and/or agency – more specifically described as follows:

(a) failing to exercise reasonable care in the performance of its duties in supervising, planning, performing and/or coordinating the wood-staining at the subject property, including but not limited to being negligent by …

(1) failing to competently supervise, plan, perform and/or coordinate the staining project in a safe and appropriate manner;

(2) failing to ensure that proper techniques were employed, and applicable safety procedures followed, in the course of the staining project at the subject property; and/or

(3) failing to properly perform, direct and/or monitor the work of all subcontractors, agents, servants, workmen and/or employees in the course of the staining project to ensure compliance with applicable best practices and manufacturer instructions.

(b) failing to adequately instruct, supervise and/or train subcontractors, servants, employees, servants, workmen and/or agents as to the proper ways to handle the tasks described in subparagraph (a)(1)-(3);

(c) failing to adequately warn subrogor and others of the dangers resulting from the failure to exercise reasonable care as described in subparagraph (a)(1)-(3);

(d) failing to provide, establish and/or follow proper and adequate controls

so as to ensure the applicable-standard-of-care compliance as to the tasks described in subparagraph (a)(1)-(3);

(e) failing to perform the tasks described in subparagraph (a)(1)-(3) in conformity with prevailing industry, manufacturer, and/or governmental specifications and standards;

(f) failing to retain competent, qualified, and/or able agents, subcontractors, employees, workmen and/or servants to perform the tasks described in subparagraph (a)(1)-(3); and/or

(g) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, manufacturer instructions, and/or industry customs applicable to Cabry's undertakings at the subject property.

18. As a direct and proximate result of such negligent acts and/or omissions, subrogor's property was damaged and additional expenses were imposed upon her in an amount in excess of $400,000.00.

19. To the extent subrogor's damages were covered pursuant to the above-described policy, Plaintiff became subrogated to the recovery being pursued via this action.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Cabry – jointly, severally, and/or in the alternative with the other Defendant(s) in this action – in an amount in excess of $400,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as this Court deems appropriate under the circumstances.

**COUNT II – BREACH OF CONTRACT v. CABRY**

20. Plaintiff repeats all of the facts and allegations stated in the foregoing paragraphs as though they were restated here at length.

21. Based upon the contract existing between the subrogor and Cabry, Cabry expressly and/or impliedly promised that the activities it undertook in connection with the work at the subject property – including as it pertained to the wood-staining project – would be done in a good and workmanlike manner, consistent with the express and/or implied terms

of said contract.

22. Impliedly and/or expressly as stated in said contract (or as imputed by law), Cabry was obligated to comply with all applicable federal, state and local laws, regulations and ordinances, as well as all industry standards, customs and practices.

23. Based upon the facts and allegations stated herein, Cabry breached the above-described contract.

24. As a direct and proximate result of such contractual breaches, subrogor suffered the above-described damages to her property, as well as the imposition of additional expenses, in an amount in excess of $400,000.00.

25. Subrogor has performed all conditions precedent to recover based upon such contractual breaches.

26. As a direct and proximate result of such contractual breaches, subrogor's property was damaged and additional expenses were imposed upon her in an amount in excess of $400,000.00.

27. To the extent subrogor's damages were covered pursuant to the above-described policy, Plaintiff became subrogated to the recovery being pursued via this action.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Cabry – jointly, severally, and/or in the alternative with the other Defendant(s) in this action – in an amount in excess of $400,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as this Court deems appropriate under the circumstances.

**COUNT III – BREACH OF IMPLIED WARRANTIES v. CABRY**

28. Plaintiff repeats all of the facts and allegations stated in the foregoing paragraphs as though they were restated here at length.

29. In furtherance of the herein-described work undertaken and services performed, Cabry impliedly warranted that all such work and services would be done in a reasonably workmanlike manner, and/or with quality workmanship conducive to creating a habitable property.

30. Based upon the herein-described improper conduct by Cabry (by and through its employees, subcontractors, agents, *et al.*), Cabry breached these warranties.

31. As a direct and proximate result of these warranty breaches, subrogor suffered the herein-described damages to her property, as well as the imposition of additional hardship and expenses, in an amount in excess of $400,000.00.

32. Subrogor has performed all conditions precedent to recover based upon such warranty breaches.

33. As a direct and proximate result of such warranty breach(es), subrogor's property was damaged and additional expenses were imposed upon her in an amount in excess of $400,000.00.

34. To the extent subrogor's damages were covered pursuant to the above-described policy, Plaintiff became subrogated to the recovery being pursued via this action.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Cabry – jointly, severally, and/or in the alternative with the other Defendant(s) in this action – in an amount in excess of $400,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as this Court deems appropriate under the circumstances.

**COUNT IV – NEGLIGENCE v. HERRON**

35. Plaintiff repeats all of the facts and allegations stated in the foregoing paragraphs as though they were restated here at length.

36. Herron owed subrogor a duty of care to refrain from engaging in conduct that created a foreseeable likelihood of harm to the subject property.

37. Through proper actions of his own, and/or proper employee/subcontractor/agent selection, oversight, direction, and work inspection, Herron would or should have known of the associated and inherent risks with regard to improperly disposing of/handling waste and debris that could foreseeably self-ignite and cause a fire.

38. At all relevant times, Herron failed to safely, properly, and adequately store, handled and/or discard such volatile waste and debris at the subject property.

39. As a result of such improper actions and inactions, Herron created a dangerous condition and foreseeable risk of harm of the kind suffered by subrogor.

40. Herron was negligent and/or standard-non-compliant by …

(a) failing to exercise reasonable care in the performance of his duties at the subject property, including but not limited to the following:

i. failing to competently and safely handle and/or dispose of waste and debris that had a known propensity to self-ignite; and/or

ii. failing to ensure that applicable safety procedures were followed as to the handling, storage and/or disposal of such waste and debris at the subject property.

(b) failing to adequately warn subrogor and others of the dangers resulting from the failure to exercise reasonable care as described in subparagraph (a)(i.-ii.);

(c) failing to provide, establish and/or follow proper and adequate controls so as to ensure the proper performance of the tasks described in subparagraph (a)(i.-ii.);

(d) failing to perform the tasks described in subparagraph (a)(i.-ii.) in conformity with prevailing industry and governmental customs and standards;

(e) failing to retain competent, qualified and/or able agents, employees, and/or subcontractors to perform the tasks described in subparagraph (a)(i.-ii.); and/or

(f) violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, instructions, and/or industry norms applicable to Herron's undertakings at the subject property.

41. As a direct and proximate result of Herron's negligent acts and/or omissions, subrogor's property was damaged and additional expenses were imposed upon her in an amount in excess of $400,000.00.

42. To the extent subrogor's damages were covered pursuant to the above-described policy, Plaintiff became subrogated to the recovery being pursued via this action.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Herron – jointly, severally, and/or in the alternative with the other Defendant(s) in this action – in an amount in excess of $400,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as this Court deems appropriate under the circumstances.

**COUNT V – BREACH OF CONTRACT v. HERRON**

43. Plaintiff repeats all of the facts and allegations stated in the foregoing paragraphs as though they were restated here at length.

44. Based upon the subcontract existing between Cabry and Herron – of which subrogor was an intended third-party beneficiary – Herron expressly and/or impliedly promised that the activities he undertook in connection with his work at the subject property would be done in a good and workmanlike manner and/or with quality workmanship, consistent with the express and/or implied terms of said contract.

45. Further, pursuant to the subcontract, Herron was impliedly and/or expressly obligated to comply with all applicable federal, state and local laws, regulations and ordinances, as well as all industry standards, customs and practices.

46. Based upon the facts and allegations stated herein, Herron breached the subcontract.

47. Subrogor performed all conditions precedent to recover based upon such breach.

48. As a direct and proximate result of such contractual breaches, subrogor's property was damaged and additional expenses were imposed upon her in an amount in excess of $400,000.00.

49. To the extent subrogor's damages were covered pursuant to the above-described policy, Plaintiff became subrogated to the recovery being pursued via this action.

**WHEREFORE**, Plaintiff respectfully requests judgment in its favor and against Herron – jointly, severally, and/or in the alternative with the other Defendant(s) in this action – in an amount in excess of $400,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as this Court deems appropriate under the circumstances.

**COUNT VI – BREACH OF IMPLIED WARRANTIES v. HERRON**

50. Plaintiff repeats all of the facts and allegations stated in the foregoing paragraphs as though they were restated here at length.

51. In furtherance of the above-described services performed, Herron impliedly warranted that all work at the subject property would be done in a reasonably workmanlike manner, and/or with quality workmanship, so as to create a habitable property.

52. Based upon the above-described improper conduct by Herron (personally and/or through servants, employees, workmen, subcontractors and/or agents as stated above), Herron breached these warranties.

53. Subrogor performed all conditions precedent to recover based upon such warranty breaches.

54. As a direct and proximate result of such warranty breaches, subrogor's property was damaged and additional expenses were imposed upon him in an amount in excess of $400,000.00.

55. To the extent subrogor's damages were covered pursuant to the above-described policy, Plaintiff became subrogated to the recovery being pursued via this action.

**WHEREFORE,** Plaintiff respectfully requests judgment in its favor and against Herron – jointly, severally, and/or in the alternative with the other Defendant(s) in this action – in an amount in excess of $400,000.00, plus interest, costs of suit, reasonable attorney fees, delay damages, and such other relief as this Court deems appropriate under the circumstances.

**de LUCA LEVINE LLC**

BY: *__/s/ Daniel J. de Luca__________*
DANIEL J. de LUCA,
**ATTORNEYS FOR PLAINTIFF**
PA ATTY I.D. NO.: 74727
301 E. Germantown Pike, 3rd Floor
East Norriton, PA 19401
Ph: 215-383-0081
Fx: 215-383-0082
ddeluca@delucalevine.com

**Dated:** 26 AUG 26